

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street, Suite 700
Newark, NJ 07102

973/645-2700

RECEIVED

JAN 6 2006

AT 8:____M
David W. Fassett, Esq.
Arseneault, Fassett & Mariano, LLP
560 Main St.
Chatham, NJ 07928

December 7, 2005

Re: Plea Agreement with Benjamin Warner

*Civ. No. 06-424 (AET)*

Dear Mr. Fassett:

This letter sets forth the full and complete agreement between your client, BENJAMIN WARNER, and the United States Attorney for the District of New Jersey ("this Office"). This offer will remain open until December 16, 2005, and if an executed agreement is not received in this office on or before that date, this offer will expire.

**Charge**

Conditioned on the understandings specified below, this Office will accept a guilty plea from BENJAMIN WARNER to a one-count Information, which charges him with mail fraud, in violation of 18 U.S.C. §§ 1341 & 2. If BENJAMIN WARNER enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against BENJAMIN WARNER for devising a scheme to defraud and causing the Robert Wood Johnson Foundation to send employer matching gifts through the U.S. mail from in or about July 2001 until in or about February 2003 in furtherance of that scheme, as described in the Information. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by BENJAMIN WARNER may be commenced against him, notwithstanding the expiration of the limitations period after BENJAMIN WARNER signs the agreement. BENJAMIN WARNER agrees to waive any statute of limitations with respect to any crime that would otherwise expire after BENJAMIN WARNER signs the agreement.

## Sentencing

The violation of 18 U.S.C. §§ 1341 & 2 to which BENJAMIN WARNER agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon BENJAMIN WARNER is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence BENJAMIN WARNER ultimately will receive.

Further, in addition to imposing any other penalty on BENJAMIN WARNER, the sentencing judge: (1) will order BENJAMIN WARNER to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order BENJAMIN WARNER to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order BENJAMIN WARNER, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, may require BENJAMIN WARNER to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should BENJAMIN WARNER be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, BENJAMIN WARNER may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to

the appropriate sentence to be imposed on BENJAMIN WARNER by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of BENJAMIN WARNER's activities and relevant conduct with respect to this case.

Rights of this Office Regarding Post-Sentencing Proceedings

This Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against BENJAMIN WARNER. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against BENJAMIN WARNER.

### No Other Promises

This agreement constitutes the plea agreement between BENJAMIN WARNER and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: SCOTT B. MCBRIDE
Assistant U.S. Attorney

APPROVED:

Phillip H. Kwon
Unit Chief, Violent Crimes Unit

- 4 -

I have received this letter from my attorney, David W. Fassett, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____  Date: 12/16/05
BENJAMIN WARNER

_____  Date: 12/16/05
DAVID W. FASSETT, Esq.

-5-