

☐ PHILADELPHIA OFFICE
1818 MARKET ST. SUITE 3100
PHILADELPHIA, PA 19103-3631
TEL: 215.564.4141
FAX: 215.564.4385

☐ PITTSBURGH OFFICE
603 STANWIX STREET
TWO GATEWAY CENTER, 17 N.
PITTSBURGH, PA 15222
TEL: 412.255.0500
FAX: 412.255.0505

Direct Dial 856.795.4422

A Professional Corporation
Kdoyle@wlbdeflaw.com

NEW JERSEY OFFICE ☐
24 KINGS HIGHWAY WEST
HADDONFIELD, NJ 08033-2122
TEL: 856.795.4422
FAX: 856.795.4699

NEW YORK OFFICE ☐
140 BROADWAY, 46TH FLOOR
NEW YORK, NY 10005
TEL: 212.943.9245
FAX: 212.943.9246

DELAWARE OFFICE ☐
STONEY BATTER OFFICE BUILDING
LIMESTONE ROAD, SUITE 221
WILMINGTON, DE 19808-1251
TEL: 302.234.8217
FAX: 302.234.8218

June 15, 2006

Stanley R. Chesler, U.S.D.J.
Clarkson S. Fischer Federal Building
& U.S. Courthouse
402 E. State Street
Room 5050
Trenton, NJ 08608

      Re:    Princeton Design vs. Wahi vs. Whirlpool, et al
             No: 3:06-cv-1638 (SRC)

Dear Judge Chesler:

I am writing this letter on behalf of Defendant Whirlpool Corporation ("Whirlpool") to object to Point I of Plaintiff's Reply Brief in Further Support of Plaintiffs' (sic.) Motion to Remand, Document 11, filed 6/12/2006 ("Plaintiff's Reply").

Point I of Plaintiff's Reply asserts, <u>for the first time</u>, that Whirlpool's removal of this case was defective for failure to comply with the "Rule of Unanimity". As Plaintiff readily admits, this issue was not raised in Plaintiff's original Motion to Remand or brief. Plaintiff's late submission of this new argument is in effect a sur-reply brief to which Whirlpool cannot formally respond. Accordingly, Whirlpool respectfully requests that the Court strike and not consider Point I of Plaintiff's Reply. Precedent for this action exists pursuant to <u>Bayer AG vs. Schein Pharmaceutical,</u> 129 F. Supp 2d 705, 715-716 (U.S.D.N.J. 2001) and <u>Advanced Restoration Technologies, Inc vs. Shortgrass Inc.</u>, 2006 U.S. Dist LEXIS 22208, n 2 (U.S.D.N.J. March 30, 2006).

Moreover, and without waiver of Whirlpool's objection, plaintiff's "Unanimity" argument is without merit. Whirlpool's removal was based on the Court's federal question jurisdiction, 28 U.S.C. §1331, which exists as a result of Plaintiff's filing of its Amended Complaint that included a direct action against Whirlpool under the Magnusson-Moss Warranty Act, 15 U.S.C.A. § 2301, *et seq.* Plaintiff has not alleged any claims over which the Court has original federal question jurisdiction against codefendant Ashok Wahi, the President of Plaintiff's Board of Directors ("Wahi")[1]. Because the claim involving a federal question is

---

[1] Nonetheless, it must be remembered that Wahi's Third-Party Complaint against Whirlpool remains pending, and therefore, Wahi's interests are adverse to those of Whirlpool.

addressed to Whirlpool alone, the consent of no other defendant is required for Whirlpool to remove the case. W.O. Henry vs. Independent American Savings Assoc., 857 F.2d 995, 998-999 (U.S.C.A. 5th Cir. 1988). The other defendants remain parties in this action pursuant to 28 U.S.C. § 1441(c), and not for the federal question. As such, they do not need to approve removal. Bernstein vs. Lind-Waldock & Company, 738 F. 2d 179, 183 (U.S.C.A. 7th Cir., 1984).

I apologize for filing this objection by letter, but it seemed the most efficient and expedient way to respond under the circumstances. Whirlpool is more than willing to provide further argument if the Court deems it warranted or necessary.

I thank your Honor for your time and consideration.

Very truly yours,

WILBRAHAM LAWLER & BUBA


BY: *[signature]*
KEVIN J. DOYLE

KJD/
cc: All counsel of record