HANGLEY ARONCHICK SEGAL & PUDLIN
Michele D. Hangley (MH0373)
Dylan J. Steinberg (DS7855)
20 Brace Road, Suite 201
Cherry Hill, NJ 08034
(856) 616-2100
Attorneys for Google Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| PARTS GEEK, LLC<br><br>Plaintiff,<br>v.<br><br>U.S. AUTO PARTS NETWORK, INC.<br><br>and<br><br>GOOGLE, INC.<br><br>Defendants. | Case No. 3:09-cv-05578 MLC-LHG<br><br>**DEFENDANT GOOGLE INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER** |

468311.01

In support of its Motion to Dismiss, or in the Alternative, to Transfer (Docket No. 14), Defendant Google Inc. calls the Court's attention to the opinion in *Flowbee Int'l, Inc. v. Google, Inc.*, No. 2:09-cv-00199 (S.D. Tex. Feb. 8, 2010), attached hereto as Exhibit A ("Opinion"). Because the *Flowbee* opinion was issued on the same day that Google's reply in support of its motion was due, Google was unable to discuss the opinion in its reply.

In *Flowbee*, the court enforced the Google AdWords forum-selection clause and granted Google's motion to transfer venue in a case with a virtually identical set of facts. There, like Parts Geek here, Flowbee International ("Flowbee") sued Google for trademark infringement under federal and state law, alleging that Google improperly permitted advertisers to select Flowbee's proprietary terms as keywords on Google's AdWords program. Opinion at 2-3. Flowbee, like Parts Geek, had executed the AdWords contract and agreed to the same forum-selection clause at issue here. *Id.* Based on that forum-selection clause, Google moved to dismiss the case for improper venue, or alternatively, to transfer the case to the Northern District of California. *Id.* at 3.

In opposition to Google's motion, Flowbee raised the same arguments that Parts Geek raises here. For example, Flowbee argued that its claims were not covered by the forum-selection clause because they existed independently of the AdWords contract. Opinion at 8. Flowbee also argued that the preamble of the AdWords contract limited the scope of the forum-selection clause. *Id.* at 11.

The *Flowbee* court expressly rejected these arguments and granted Google's motion to transfer. Order at 18. The court held that the forum-selection clause was valid and enforceable, and covered all of Flowbee's claims, even though they were not dependent on the AdWords contract. *Id.* at 14.

Under *Flowbee*, and the authorities cited in Google's moving papers, the Court should grant Google's motion to dismiss for improper venue, or, in the alternative, transfer this case to the Northern District of California.

Dated:  February 11, 2010           HANGLEY ARONCHICK SEGAL
                                & PUDLIN


By: /s/ Michele D. Hangley
    Michele D. Hangley (MH0373)
    Dylan J. Steinberg (DS7855)
    20 Brace Road, Suite 201
    Cherry Hill, NJ  08034
    (856) 616-2100

    David J. Silbert (pro hac vice)
    Michael Kwun (pro hac vice)
    Ozan O. Varol (pro hac vice)
    KEKER & VAN NEST LLP
    710 Sansome Street
    San Francisco, CA  94111-1704
    (415) 391-5400

    Attorneys for Defendant
    GOOGLE INC.